IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiffs,

  vs.                                                                              No. 17-CR-2566 WJ

NATHAN JENSEN and
WALDO NAHLE,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING
## DEFENDANT NAHLE'S MOTION TO PRESERVE RIGHT TO JURY TRIAL

THIS MATTER comes before the Court upon Defendant Nahle's Motion to Preserve Right to Jury Trial, filed January 23, 2018 **(Doc. 40)**. Having reviewed the parties' pleadings and considered the controlling law, the Court finds that Defendant Nahle's motion is not well-taken and, therefore, is DENIED.

Defendant Nahle is charged with assaulting and impeding a federal employee in the performance of his official duties, pursuant to 18 U.S.C. §§ 111(a)(1) and (b), and 18 U.S.C. § 2. Defendant Nahle moves this Court to provide information to the jury about sentencing [Doc. 40 at 1], and about the jury's power of nullification [Doc. 40 at 1].[1] Both requests are denied for the following reasons.

---

[1] Defendant Nahle did not submit a separate motion for his proposed jury instructions, which he included as Exhibit A; still, the Court will address the instructions submitted in Exhibit A because they are labeled "Defendant Nahle's Proposed Jury Instructions Relating to Motion to Preserve Right to Jury Trial."

## I. The Defendant Is Not Entitled to a Jury Nullification Instruction[2]

While a jury may choose to disregard the application of law to facts when rendering its verdict, the Tenth Circuit has repeatedly affirmed that a Defendant is not entitled to an instruction advising or encouraging the jury to exercise the power of nullification. *See Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999) ("We note here that there is no right to jury nullification."); *United States v. Rith*, 164 F.3d 1323, 1338 (10th Cir. 1999) ("To the extent the defendant's appeal seeks to permit jury nullification, the law is clear: a criminal defendant is not entitled to have the jury instructed that it can, despite finding the defendant guilty beyond a reasonable doubt, disregard the law." (citing *United States v. Grismore*, 546 F.2d 844, 849 (10th Cir. 1976))). In *United States v. Gonzalez*, the Tenth Circuit framed the power of nullification as contrary to the juror's oath, and stated that "[w]hile we recognize that a jury may render a verdict at odds with the evidence or the law, neither the court nor counsel should encourage jurors to violate their oath." 596 F.3d 1228, 1237 (10th Cir. 2010) (quoting *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983)). Therefore, although a jury can choose to exercise the power of nullification, the Tenth Circuit has repeatedly ruled that a defendant is not entitled to instruct the jury that it may do so, and the undersigned has no intention whatsoever of disregarding controlling and extremely well-reasoned Tenth Circuit precedent.

Defendant Nahle's contention that the failure to instruct the jury of its power of nullification violates his Sixth Amendment right thus runs contrary to the established law of this Circuit. Furthermore, while Defendant Nahle's motion provides some useful overview about the historical role of the jury (and cites to the opinion of U.S. District Judge James O. Browning in *United States v. Courtney*, 960 F. Supp. 2d 1152 (D.N.M. 2013)), Defendant does not present

---

[2] Defendant's Proposed Instructions Nos. 1–6 of Exhibit A reflect Defendant's modifications regarding jury nullification.

this Court with contemporary authority to rule in favor of his proposed instructions regarding jury nullification.

## II. The Defendant Is Not Entitled to a Jury Instruction on Sentencing Information[3]

The distinction between the jury's province of fact-finding and the judge's role of sentencing ensures that jurors only consider whether the facts before them support a finding of guilt beyond a reasonable doubt of the crime charged. *Shannon v. United States*, 512 U.S. 573, 579 (1994) ("The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged."). Sentencing information is, therefore, irrelevant to the jury's function unless Congress has indicated a statutory intent for the jury to consider sentencing. *E.g.*, *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) ("Unless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties."). The Tenth Circuit has stated: "The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial . . . . Absent a statutory requirement that the jury participate in the sentencing decision, nothing is left 'for jury determination beyond the guilt or innocence of an accused.'" *United States v. Greer,* 620 F.2d 1383, 1384–85 (10th Cir. 1980) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975); *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971)). Thus, "[i]t is well established that when a jury has no sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'" *Shannon*, 512 U.S. at 579 (citing *Rogers*, 422 U.S. at 40).

Defendant Nahle does not argue that the jury will be deprived of a statutory duty to consider sentencing information. In view of Defendant Nahle's charge of assault, the jury has no

---

[3] Defendant submits the instruction providing for sentencing information in Proposed Instruction No. 7, which is attached in Exhibit A.

3

sentencing role. As previously noted, Defendant's motion does not provide authority releasing this Court from the unambiguous precedent of the Tenth Circuit and the Supreme Court of the United States. *See also United States v. Edwards*, 266 F. Supp. 3d 1290, 1322 (D.N.M. 2017) ("These courts have been very clear about what a trial court should do: the trial court is not to present any information about possible sentencing unless the jury's participation in sentencing is required.").

The Federal Rules of Evidence also compel the Court to deny Defendant's request to present sentencing information for the jury to consider at trial. First, the Federal Rules of Evidence clearly contemplate that a jury is to be presented with only relevant evidence. *See* Fed. R. Evid. 401. Sentencing information is simply not relevant to the jury's essential task of finding, based on the evidence presented, whether the government has met its burden of proving the Defendant guilty of the crime charged. *See Shannon*, 512 U.S. at 579 ("Information regarding the consequences of a verdict is therefore irrelevant to the jury's task.").

Second, assuming relevancy, the Federal Rules of Evidence vest discretion in the trial judge to exclude evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time . . . ." Fed. R. Evid. 403. The United States Supreme Court has held that the starting point for federal sentencing is for the district judge to arrive at a correctly calculated guideline sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."). Thus, if the Defendant was allowed to present sentencing information to the jury, the door potentially would be opened for the jury to hear information on the Sentencing Guidelines, statutory minimum and maximum penalties, upward and downward departures

and/or variances, and the sentencing factors of 18 U.S.C. § 3553(a). This would be a truly daunting task for a trial judge and one that the undersigned is not willing to undertake. Introduction of such an array of sentencing issues broaches significant risks of running afoul of Federal Rule of Evidence 403. Indeed, the Tenth Circuit has ruled that the possibility of a defendant's conviction resulting in mandatory minimum penalties did not require the jury to participate in sentencing decisions. *See Parrish*, 925 F.2d at 1299. Thus, if there was ever a reason for a trial judge to invoke Federal Rule of Evidence 403, it would be in the context of a defendant attempting to present sentencing information to a jury.

For the above-stated reasons, the Court finds that Defendant Nahle's Motion to Preserve Right to Jury Trial is not supported by the current law of the Tenth Circuit, and the Court rejects the proposed jury instructions attached as Exhibit A.

**THEREFORE,**

**IT IS ORDERED** that Defendant Nahle's Motion to Preserve Right to Jury Trial **(Doc. 40)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE