# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                   No. 17-CR-2566-WJ

WALDO NAHLE,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## QUASHING ORDER TO SHOW CAUSE[1]

THIS MATTER comes before the Court with regard to Defendant's response to the Court's Order to Show Cause (Docs. 82 & 85) why sanctions should not be imposed for filing a motion to transfer or consolidate this criminal assault case with another case charging Defendant with narcotics-related offenses for purposes of sentencing and which is assigned to another district judge.

## BACKGROUND

The relevant facts are set out in detail in the Order to Show Cause, but the Court reiterates the salient facts here. Defendant Nahle ("Nahle") is one of three defendants in a case charging him with violations related to conspiracy, narcotics trafficking and felon in possession charges (Case No. 16-cr-3304-MV, hereinafter, "Narcotics Case"). That case was assigned to United States District Judge Martha Vazquez, who has already sentenced two of the three defendants in that case but has not yet sentenced Nahle.

---

[1] This Order is not filed under seal, although Defendant's response to the Court's Order to Show Cause was filed under seal because the document includes "information that otherwise would not necessarily be appropriate for public viewing." Doc. 86 at 1. In this Order, the Court has avoided any reference to information that is unsuitable for public viewing.

While Nahle was being held in custody pending trial in the first case, he was subsequently charged with assault against a correctional officer ("Assault Case"). Nahle was not charged with codefendant Nathan Jensen ("Jensen") in the original Indictment, but he was added four months later in a Superseding Indictment. At the time the Indictment was filed against Jensen for the Assault Case, Jensen already had a pending case in this Court for felon in possession charges. Because the pending felon in possession charge was already assigned to this Court, his Assault Case was assigned to the undersigned in accordance with this District's policy for disseminating cases to judges. Thus, when Nahle was added as a defendant to the Assault Case by a Superseding Indictment, the Assault Case remained assigned to the undersigned because Jensen's assault charge was already in front of this Court.

Nahle pleaded guilty in the Assault Case on August 23, 2018 and appeared before this Court for sentencing on February 27, 2019. *See* 17cr2566 WJ, Docs. 61 & 81(Clerk's Minutes). At that time, the Court asked the parties about their positions on whether Nahle should proceed first to sentencing for charges in the Narcotics Case before U.S. District Judge Martha Vazquez before being sentenced in this Court in the Assault Case. The Court noted that Judge Vazquez had not yet ruled on Nahle's objections to the Presentence Report in the Narcotics Case and had ordered a psychological examination which was not yet completed. The Court suggested that the resolution of those issues and the sentence imposed in that case would have some bearing on Nahle's criminal history and characteristics analysis before this Court pursuant to 18 U.S.C. §3553(a). *See* Doc. 85 at 4. Both parties represented that they were prepared to proceed to sentencing, but defense counsel stated that if the Court intended to continue sentencing, he might have additional matters to take up. The Court entered an Order the following day continuing Nahle's sentencing in the Assault Case until he is sentenced in the Narcotics Case. Doc. 80.

On April 17, 2019, Defense filed a Motion to Transfer and/or Consolidate for Purposes of Sentencing on April 17, 2019 (Doc. 82). On May 29, 2019, the Court denied the motion (Doc. 85), stating that it had already explained to defense counsel at the February 27, 2019 hearing that it would "make sense" that the undersigned would preside over the Assault Case, Doc. 85 at 3, and found that the effect of consolidating both cases for sentencing was "the opposite of judicial efficiency," *Id.* at 7. The Court also ordered defense counsel to show cause why sanctions should not be imposed for filing the motion and "ignoring the Court's prior ruling on this matter" that was made at the February 27, 2019 hearing. Doc. 85 at 8.

## DISCUSSION

In its Order to Show Cause, this Court's concern was that defense counsel's motion was an attempt to circumvent its previous ruling on the matter of whether Nahle's two criminal cases should be transferred or consolidated under Judge Vazquez as the presiding judge in the earlier filed case.[2] Defendant's response to the Order to Show Cause was filed on June 12, 2019 (Doc. 86). In that response, Defendant maintains that sanctions should not be imposed on defense counsel based on his filing of a motion seeking transfer and consolidation of Nahle's two pending cases for sentencing, for several reasons:

> (1) Defendant filed the motion to transfer or consolidate with an understanding that whether or not matters should be combined for judicial economy is a separate inquiry from the order of proceeding on those same matters if they are not combined.

> (2) Defense counsel claims that he did not ignore any previous ruling of the Court regarding transfer or consolidation because he believed, based on the Court's comments at the February 27, 2019 hearing, that the Court would be open to considering a motion concerning consolidation.

---

[2] Defense counsel refers to this District's custom when consolidating cases of assigning the later-filed case to the judge presiding over the earlier-filed case. Doc. 86 at 3. This practice applies in both civil and criminal cases. , when consolidating cases.

(3) Defendant counsel brought the motion seeking transfer or consolidation in good faith in an effort to simplify the process for all involved, including the parties and the Court and to avoid duplication. He points out that he believed in good faith that consolidation could also further the goal of preserving judicial CJA resources under the unique circumstances of this case, Doc. 86 at 22, particularly since he is appointed CJA counsel for Nahle in both cases, *Id.* at 7.

In considering the merits of Defendant's response, the Court reviewed the transcript of the February 27, 2019 hearing. (Doc. 84).

## I.     Separateness of Matters

Defendant first claims that the motion to transfer or consolidate was filed with the understanding that whether or not matters should be combined for judicial economy is a separate inquiry from the order of proceeding on those same matters if they are not combined. Here, counsel argues that the Court's ruling about the order of sentencing in Nahle's two criminal cases is separate and distinct from a ruling as to whether or not the two cases should remain disconnected and unconsolidated. The Court finds that the distinction is correct and that defense counsel would not be unreasonable to consider a ruling on the order of sentencing to be a different issue from a ruling on whether to transfer or consolidate cases.

Defendant offers the analogy of severance, where the ultimate question of whether or not to sever defendants is distinct and separate from the question of which defendant should be tried first if they are severed. *See* Doc. 86 at 3, n.1. This analogy is on point, and the Court acknowledges that even if Nahle's two criminal cases were consolidated under Judge Vazquez, the order of sentencings for the two cases would still have to be decided as a separate matter.

## II.    Whether The Court Issued a Previous Ruling

Defendant next contends that he did not ignore any previous ruling of the Court regarding transfer or consolidation because he believed, based on the Court's comments at the February 27,

2019 hearing, that the Court was suggesting that consolidation may be appropriate although it was something that counsel had not previously considered.

Based on the Court's review of the hearing transcript, defense counsel correctly perceived that the only matter discussed at the hearing was the order of Nahle's sentencings for the two cases. The Court first questions counsel on their respective positions on page 4:

> Court: I guess my question is, why are we proceeding on this case since it happened, the facts happened after the other case?

Doc. 84 (Transcript of Hearing or "Tr.") at 4. The Government's explanation was that:

> . . . quite frankly, Judge Vazquez hasn't set her case yet. This Court did. So we're prepared to go forward.

Doc. 84 at 6.

The only comment by the Court on the transfer/consolidation issue was this:

> Court: Well, it's a little -- see, normally in related cases -- I mean, factually, the cases arise out of different facts. On the one hand, you could look at this and say, one judge ought to be handling -- either Judge Vasquez handle both of these, or I handle both of these. But I also understand that I had the Nathan Jensen case, so it would make sense that I have this case.

Doc. 84 at 10:9-14. The Court intended to settle the issue by stating that "it would make sense that I have this case." However, it would not be unreasonable for defense counsel to miss seeing that statement as a ruling on the question of whether Nahle's two cases should be transferred or consolidated—especially when the matter had not been actually presented or argued by the parties. There is no other reference to the issue for the remainder of the hearing and no mention of the phrases "judicial economy," "transfer" or "consolidation." Following that comment, the discussion returned to the subject of the order of sentencing proceedings:

> Court: And normally cases are sentenced based on -- the earlier case gets sentenced first, and then the next case gets sentenced.

Doc. 84 at 11; and:

Court: So it just strikes me that that case ought to proceed to sentencing before this case.

Doc. 84 at 11.

After the hearing, the Court issued an Order continuing the sentencing hearing on the Assault Case, *see* Doc. 80, and there is no indication in the text of that Order that the Court had considered either transfer or consolidation.

The Court therefore agrees with counsel that it may not have been clear to counsel that the matter had been ruled on and was foreclosed, which also means that the Court accepts defense counsel's representation that he was acting in good faith and that he was not ignoring a previous ruling by this Court.

## III. Defense Counsel's Good Faith Belief

Defense counsel maintains that he brought the motion seeking transfer or consolidation in good faith in an effort to simplify the process for all involved, including the parties and the Court, to avoid duplication and to further the goal of preserving judicial CJA resources under the unique circumstances of this case, since he is appointed CJA counsel for Nahle in both cases.

In the response to the Court's Order to Show Cause, defense counsel shares non-privileged information concerning his efforts in connection with representing his client in order to dispel the notion that he was judge-shopping. Doc. 86 at 12-19. This summary was helpful in that it persuades the Court that counsel's intention was to expedite matters for his client and that the motion was filed in his client's interest as well as in the interest of judicial expediency.

Defense counsel also spent a considerable amount of time in the response pointing out that while the district court has much discretion regarding the rotation and judicial assignment of criminal cases, there is really no district rule addressing the mechanics of exactly how to assign

6

pending cases with the same defendant.³ In contrast, the District of Utah has a local rule that explicitly permits the relief requested in Defendant's motion at issue here. *See* UT R USDCT CRIM DUCrimR 57-3. The Court therefore acknowledges that counsel was not overlooking or disregarding any rule in this District which would have precluded him from making a request for transfer or consolidation, or which would have made it unreasonable for him to ask for it.

## CONCLUSION

In sum, the Court finds and concludes that sanctions are not warranted under the circumstances which have been presented. The Court is convinced that in filing the motion to transfer or consolidate, defense counsel acted in good faith and that his objective was to expedite matters for his client and was not an attempt to judge-shop or disregard this Court's rulings. If in making the request for transfer or consolidation, counsel acted contrary to what the Court meant to be a final ruling on the matter, he did not do so intentionally but rather upon a good faith belief that the issue was not foreclosed.

Accordingly, the Order to Show Cause (**Doc. 85**) be hereby QUASHED.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

³ In the Order to Show Cause, the Court described the broad discretion of the district court in the assignment of cases to judges. *See* Doc. 85 at 5 (citing *U.S. v. Diaz*, 189 F.3d 1239, 1243 (10th Cir. 1999); 28 U.S.C. §137; and Fed.R.Crim.P 57(b)).